**Matt LUIKEN and Jon Sandquist, on behalf of themselves, all others similarly situated, and the Proposed Minnesota Rule 23 Class, Plaintiffs,**

v.

**DOMINO'S PIZZA, LLC, Defendant.**

Civil No. 09–516 (DWF/TNL).

United States District Court,
D. Minnesota.

Nov. 14, 2011.

E. Michelle Drake, Esq., Paul J. Lukas, Esq., Anna P. Prakash, Esq., Matthew C. Helland, Esq., and Matthew H. Morgan, Esq., Nichols Kaster, PLLP; and Richard M. Paul, III, Esq., Stueve Siegel Hanson LLP, counsel for Plaintiffs.

Juli Ann Lund, Esq., Philip A. Sechler, Esq., David S. Kurtzer–Ellenbogen, Esq., Collin Callahan, Esq., Daniel F. Katz, Esq., and Jared Lee Hubbard, Esq., Williams & Connolly LLP; and Tracey Holmes Donesky, Esq., Calvin P. Hoffman, Esq., Kristin Berger Parker, Esq., and Wendy M. Canaday, Esq., Leonard, Street and Deinard, PA, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

DONOVAN W. FRANK, District Judge.

### INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Class Certification (Doc. No. 442). For the reasons set forth below, the court grants Plaintiffs' motion.

### BACKGROUND

Plaintiffs Matt Luiken and John Sandquist are both residents of Minnesota. According to the Complaint, Luiken is currently employed as a Domino's Pizza, LLC ("Domino's") delivery driver and has been since August 2006. (Doc. No. 85, Am. Compl. ¶ 9.) Sandquist was employed as a Domino's delivery driver from approximately September 2006 to March 2008. (Id. ¶ 11.) Since April 2005, all corporate-owned Domino's stores in Minnesota have charged customers a delivery charge. (Doc. No. 445, Helland Decl. ¶ 14, Ex. 3 ("Kapp Depo.") at 22.) In April 2005, the standard delivery charge was $1.00 per delivery. (Id. at 22, 24; Doc. No. 452, Kapp Decl. ¶ 8.) In approximately July 2008, Domino's increased the delivery charge to $1.50 per delivery. (Kapp Depo. at 24; Kapp Decl. ¶ 9.)

In December 2009, Domino's began placing a written notice on its twelve and fourteen-inch pizza boxes that stated: "Any Delivery Charge is not a tip paid to your driver. Please reward you driver for awesomeness." (Helland Decl. ¶ 14, Ex. 6; Kapp Depo. at 52, 55.) By mid-year 2010, this language was on every Domino's delivery box. (Kapp Depo. at 56–57.) In February 2010, Domino's added the language to its website and, in May 2010, to print advertising. (Id. at 57–58.)

In their Amended Complaint, Plaintiffs allege that Domino's "charged Minnesota pizza delivery customers an amount identified as a 'delivery charge' on the receipt provided to customers" and that Domino's "retained the entirety of the 'delivery charge.'" (Am. Compl. ¶¶ 62–63.) Domino's concedes that it has not paid any portion of the delivery charge to its Minnesota delivery drivers since March 4, 2006. (See Kapp. Depo. at 63.)

### DISCUSSION

#### I. Plaintiffs' MFLSA Claim

Plaintiffs have moved for class certification on their Minnesota Fair Labor Standards Act, Minn.Stat. § 177.21, et seq. ("MFLSA") claim. (Am. Compl. ¶¶ 83–94.) The MFLSA states that "any gratuity received by an employee ... is the sole property of the employee." See Minn.Stat. § 177.24, subd. 3. The statute prohibits an employer from requiring an employee to contribute or share gratuities received by the employee with the employer or other employees. See id. The MFLSA defines "gratuities" as:

> monetary contributions received directly or indirectly by an employee from a guest, patron, or customer for services rendered and includes an obligatory charge assessed to customers, guests or patrons which might reasonably be construed by the guest, customer, or patron as being a payment for personal services rendered by an employee and for which no clear and conspicuous notice is given by the employer to

the customer, guest, or patron that the charge is not the property of the employee. Minn.Stat. § 177.23, subd. 9. Minnesota Department of Labor and Industry regulations provide:

For the purposes of Minnesota Statutes, section 177.23, subdivision 9, obligatory charges which might reasonably be construed by the guest, customer, or patron as a sum to be given to the employee as payment for personal services rendered, include, but are not limited to, service charges, tips, gratuities, and/or surcharges which are included in the statement of charges given to the customer.

Minn. Admin. R. 5200.0080, subp. 4a.

Plaintiffs contend that the delivery charge billed between March 2006 and February 2010 constituted an obligatory charge assessed to the customer *which might reasonably be construed* by the customer as being a payment for personal services rendered, and for which Domino's gave no clear and conspicuous notice to the customer that the charge was not the property of the delivery drivers. *See* Minn.Stat. § 177.23, subd. 9. Plaintiffs thus claim that Domino's violated the MFLSA by withholding gratuities from Minnesota delivery drivers during the relevant time period. As a result, Plaintiffs seek to certify the following class: "All persons who worked as Domino's Pizza, LLC delivery drivers in Minnesota from March 6, 2006 through February 28, 2010." (Doc. No. 442.)

## II. Standard for Class Certification Under Rule 23

A class action serves to conserve the resources of the court and the parties by permitting an issue that may affect every class member to be litigated in an economical fashion. *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 155, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). Rule 23 of the Federal Rules of Civil Procedure governs class certification.

To be certified as a class, plaintiffs must meet all of the requirements of Rule 23(a) and must satisfy one of three subsections of Rule 23(b). The Rule 23(a) requirements for class certification are: (1) the putative class is so numerous that it makes joinder of all members impracticable; (2)

questions of law or fact are common to the class; (3) the class representatives' claims or defenses are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*In re St. Jude Med., Inc.,* 425 F.3d 1116, 1119 (8th Cir.2005) (citing Fed.R.Civ.P. 23(a)) (citations omitted).

District courts retain broad discretion in determining whether to certify a class. *Gilbert v. City of Little Rock,* 722 F.2d 1390, 1399 (8th Cir.1983). When considering a motion for class certification, a court need not ask "whether the plaintiff or plaintiffs have stated a cause of action or will ultimately prevail on the merits, but rather whether the requirements of Rule 23 are met." *Beckmann v. CBS, Inc.,* 192 F.R.D. 608, 613 (D.Minn.2000) (citing *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)). The party seeking class certification "carr[ies] the burden of proof regarding Rule 23's requirements." *In re Workers' Comp.,* 130 F.R.D. 99, 103 (D.Minn.1990) (citation omitted). A court may only certify the class if it is "satisfied after a rigorous analysis that all of the prerequisites are met." *Bishop v. Comm. on Prof'l Ethics,* 686 F.2d 1278, 1287 (8th Cir. 1982) (citing *Gen. Tel. Co.,* 457 U.S. at 161, 102 S.Ct. 2364). When a question arises as to whether certification is appropriate, the court should give the benefit of the doubt to approving the class. *In re Workers' Comp.,* 130 F.R.D. at 103 (citation omitted).

Domino's does not dispute that Plaintiffs have satisfied the requirements of numerosity and adequacy of representation under Rule 23(a). Thus, the Court considers whether Plaintiffs have met the commonality and typicality requirements of Rule 23(a) as well as one of the three subsections of Rule 23(b).

### A. Commonality and Typicality

In order for a class to be certified, Rule 23(a) requires that "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). While it is not necessary that every question of law or fact be common

to every member of the class, the Supreme Court recently clarified the commonality requirement, stating:

> Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury.... [The class members'] claims must depend upon a common contention.... That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

*Wal–Mart Stores, Inc. v. Dukes,* —— U.S. ——, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011) (quotation omitted). Commonality "may be satisfied, for example, where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." *Paxton v. Union Nat'l Bank,* 688 F.2d 552, 561 (8th Cir.1982) (internal quotation omitted).

Rule 23(a) also requires that, in order for a class to be certified, the claims or defenses of the class representative must be typical of the other members of the class. Fed.R.Civ.P. 23(a)(3). "This requirement is generally considered to be satisfied if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." *Paxton,* 688 F.2d at 561–62 (citation omitted). Commonality and typicality tend to merge because both "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Dukes,* 131 S.Ct. at 2551 n. 5 (quoting *Gen. Tel. Co.,* 457 U.S. at 157–58 n. 13, 102 S.Ct. 2364).

Domino's argues that Plaintiffs have failed to demonstrate commonality and typicality here because consideration of the particular facts and circumstances surrounding each transaction is necessary to resolve the question of whether a customer might reasonably have construed the delivery charge to be a payment to the delivery driver for personal services rendered. Domino's asserts that relevant differences in customer experience include: whether the customer ordered over the phone or online; whether the customer paid by cash or credit card; the frequency with which the customer ordered delivery pizza; the size of the order; the location of the store at which the order was made; and the customer's interaction with Domino's employees. Because these particulars vary from transaction to transaction, Domino's contends that Plaintiffs cannot satisfy the requirements of commonality and typicality.

The Court disagrees. Such considerations are not dispositive for purposes of the present motion. Rather, the central inquiries are: whether the proposed class members have suffered the same alleged injury; whether the claims of the proposed class depend upon a common contention; whether that common contention is capable of classwide resolution; and whether Plaintiffs' claims and those of the proposed class are based on the same legal theory. Although all proposed class members may not be identically situated, the Court concludes that Plaintiffs' claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. The claims of the proposed class in this case result from the same alleged injury and are based on the same legal theory: that Domino's violated the MFLSA by unlawfully retaining delivery driver gratuities as prohibited by the statute. *See* Minn.Stat. § 177.23, subd. 9. The Court finds that this claim—including the underlying contention that customers *might reasonably* have construed the delivery charge as payment to Domino's delivery drivers for personal services rendered—is capable of classwide resolution. The Court further notes that whether the fact-specific circumstances articulated by Domino's resulted in a customer's *actual* belief that the delivery charge was not a tip for the delivery driver is not an issue the Court will be tasked with deciding. *See, e.g., In re Alleged Labor Law Violation of Chafoulias Mgmt. Co.,* 572 N.W.2d 326, 329–31 (Minn.Ct.App.1997).

For the reasons articulated above, and because the question of law linking the class members is substantially related to the resolution of the litigation at hand, the Court concludes that Plaintiffs have satisfied the commonality and typicality requirements of Rule 23(a).

## B. Predominance and Superiority

 Pursuant to Rule 23(b)(3), a court must find that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" in order to certify a class. Fed.R.Civ.P. 23(b)(3). "[A] claim will meet the predominance requirement when generalized evidence proves or disproves the elements of the claim on a class-wide basis, because such proof obviates the need to examine each class member's individual position." *Buetow v. A.L.S. Enters., Inc.*, 259 F.R.D. 187, 190 (D.Minn.2009) (internal quotation omitted). The purpose of the predominance requirement is to "achieve economy and efficiency in the settlement of disputes." *Vernon J. Rockler & Co. v. Graphic Enters., Inc.*, 52 F.R.D. 335, 344 (D.Minn.1971) (citing Fed.R.Civ.P. 23 advisory committee's note).

 As discussed above, the claims of the proposed class members are based on the premise that Domino's retained the delivery charge during the relevant time period in violation of Minnesota statute and turn on the question of whether the charge might reasonably be construed by the customer as payment to the delivery driver for the personal service of delivering pizza. Thus, the Court finds that the predominance requirement of Rule 23(b)(3) is satisfied.

 Rule 23(b)(3) further requires a court to find that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). The rule provides four nonexclusive factors to help evaluate superiority:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

*Id.*

Having considered the relevant factors, the Court finds that a class action is the superior method to adjudicate this case. No individual class member has shown an interest in bringing his or her claim individually. No other lawsuits have been filed against Domino's involving similar claims. Concentrating the litigation of the class members' claims in this Court is desirable given that the proposed class members were employed in Minnesota during the relevant time period. And there should be little difficulty in managing the class action based on the similarity of the claims and the extent of Domino's records.

Furthermore, a class action fosters judicial economy. Certifying this class may resolve the claims of 1400–1600 potential plaintiffs. Additionally, a class action helps to ensure that class members who are otherwise unaware that they possess a claim, or are unable to hire a lawyer, will have their rights represented. Consequently, the Court finds that Plaintiffs have satisfied the superiority requirement of Rule 23(b)(3).

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs have satisfied the requirements of Rules 23(a) and 23(b)(3). A class action in this case will serve to conserve the resources of the Court and the parties by permitting the issue to be litigated in an economical fashion. Therefore, the Court certifies Plaintiffs' proposed class.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Class Certification (Doc. No. [442] ) is **GRANTED.**

2. The following class is certified pursuant to Rule 23 of the Federal Rules of Civil Procedure:

All persons who worked as Domino's Pizza, LLC delivery drivers in Minnesota from March 6, 2006 through February 28, 2010.

3. The parties shall negotiate the content of the class notice. Within fourteen (14) days of the date of this Order, the parties shall submit a joint proposed notice to the Court. If the parties are unable to agree on the content of the notice, the parties shall each submit a proposed notice, together with briefing not to exceed ten (10) pages per side, within twenty-one (21) days of the date of this Order.

4. The Court appoints Matt Luiken as class representative.

5. Having considered the requirements of Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints Nichols Kaster, PLLP and Nichols Kaster, LLP as class counsel.